IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SPENCER LEE KELLEY, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:16-CV-2215-BF |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Spencer Lee Kelley ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including depression, anxiety attacks, ruptured disk in his back, hernia, and pain in his hips, knees, and ankles. Tr. 98-104, ECF No. 11-3. After his application was denied initially and upon reconsideration, a hearing was held on August 28, 2014, in Dallas, Texas, before Administrative Law Judge Daniel Curran (the "ALJ"). Tr. 92, ECF No. 11-3. Also present at the hearing was Vocational Expert Ms. Skinner (the "VE"). Tr. 92, ECF No. 11-3. Plaintiff was born on January 8, 1962 and was 52 years old at the time of the August 28, 2014 hearing. Tr. 37, ECF No. 11-3; Tr. 92, ECF No. 11-4. Plaintiff dropped out of high school in the 12th grade. Tr. 93, ECF No. 11-3. On November 26, 2014, the ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from the alleged onset date of November 18, 2010 through the date of his decision. Tr. 32 & 39, ECF

No. 11-3. The ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease, disc herniation, bilateral hernia, torn left groin shin implant, affective mood disorder, major depressive disorder, and pain disorder. Tr. 32, ECF No. 11-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 34, ECF No. 11-3.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") for the following: (1) lift, carry, and push/pull 20 pounds occasionally and 10 pounds frequently; (2) sit, stand, and walk for 6 hours in an 8 hour work day, with no limits on foot controls; (3) occasionally climb ladders, ropes, and scaffolds, with no other postural limitations; (4) have no manipulative, visual, or communicative restrictions; (5) understand, remember, and carry out simple instructions; (6) make simple work related decisions; (7) have no joint decision making or teamwork; (8) have no more than occasional contact and no direct directions from the general public; (9) have no individual initiative; (10) have no close oversight by a supervisor; (11) have no exposure to unguarded hazards, open nip points, open pits, unprotected heights, moving machinery, open flames, and open pools of water; and (12) have no more than occasional exposure to extremes of temperature, loud noises, smoke, or other intrusive distractions. Tr. 35, ECF No. 11-3. The ALJ determined that Plaintiff was not able to perform his past relevant work as a parts clerk (heavy, semi-skilled), salesperson (light, skilled), and maintenance repairer (medium, skilled), because Plaintiff only had the RFC for light, unskilled work. Tr. 37, ECF No. 11-3; Tr. 111, ECF No. 11-4. The ALJ determined that Plaintiff was capable of performing the tasks of occupations such as the following: cleaner housekeeping, photocopy machine operator, and routing clerk. Tr. 38, ECF No. 11-3; Tr.

114, ECF No. 11-4. Plaintiff appealed the ALJ's decision to the Appeals Council, and on April 12, 2016, the Appeals Council denied Plaintiff's request. Tr. 5, ECF No. 11-3. Plaintiff then filed his Complaint in the District Court on July 31, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The

4

ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## **ANALYSIS**

Plaintiff argues that the ALJ's RFC finding violates *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995), because the medical opinion relied on by the ALJ from state agency physician Dr. Tina Ward does not evaluate the limiting effects of three of Plaintiff's impairments that the ALJ found to be severe, namely, Plaintiff's two hernias, torn left groin shin implant, and pain disorder. Pl.'s Br. 14, ECF No. 17. Plaintiff argues that the ALJ's classification of these impairments as "severe" at step two necessarily implies that they have limiting effects on Plaintiff's work functioning that should be included in the RFC finding. Pl.'s Br. 15, ECF No. 17. Plaintiff points out that courts have found in similar circumstances that such inconsistencies warrant remand. *See* Pl.'s Br. 15-16, ECF No. 17 (citing *Milligan v. Colvin*, No. 2:12-CV-101-J (BB), 2013 WL 5345842, at *5 (N.D. Tex. Sept. 6, 2013); *Martinez v. Astrue*, No. 2:10-CV-102-J (BB), 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011)); *Milligan*, 2013 WL 5345842, at *5 ("[T]he ALJ's decision finding

5

plaintiff's several non-exertional impairments were severe at Step Two was internally inconsistent with his later decision that the impairments did not significantly affect plaintiff's RFC at Step Five . . . [T]he ALJ cannot rule one way on the issue at Step Two and rule the opposite at Step Five. Such internal inconsistency constitutes reversible error."); *Martinez*, 2011 WL 4128837, at *7 ("[T]his Court . . . cannot speculate as to what the ALJ may have considered. Specifically, this Court cannot find that the ALJ's inclusion of the re-attachment surgery as a severe impairment was merely meaningless verbiage. While there is a possibility the ALJ included the re-attachment surgery mistakenly, or in error, there is also a possibility the ALJ included the re-attachment surgery as a severe impairment because he found it to be a severe impairment . . . . Without some explanation in the record as to how plaintiff can suffer from a severe impairment, which by definition must have more than a minimal effect on plaintiff's ability to work, and why such a severe impairment would not have had any limitation on plaintiff's ability to handle objects or pose other manipulative limitations which would affect the jobs identified by the vocational expert, the decision cannot stand.").

Plaintiff points out that out of the three medical opinions addressing Plaintiff's ability to perform physical functions, the ALJ gave no weight to those from Plaintiff's treating physicians, Dr. Louis Coates and Dr. Sherine Reno, both of whom opined that Plaintiff had greater physical restrictions than the ALJ found. Pl.'s Br. 16, ECF No. 17; Reply 3, ECF No. 20. Plaintiff points out that the ALJ instead gave partial weight to the opinion of state agency physician, Dr. Tina Ward who concluded that Plaintiff was physically able to perform the full range of light work. Pl.'s Br. 16, ECF No. 17; Reply 3, ECF No. 20. Plaintiff argues that Dr. Ward's opinion is facially insufficient to support the ALJ's physical RFC finding, because her assessment stated that she assessed the limiting

effects of only two of Plaintiff's severe physical impairments, the "lumbar DDD and disc herniation." Tr. 639, ECF No.11-15; Pl.'s Br. 17, ECF No. 17. Plaintiff further points out that key information about the other three severe impairments were not available to Dr. Ward at the time of her June 15, 2012 assessment, because Plaintiff's pain disorder was not diagnosed until four months later on October 23, 2012, and the abdominal surgeon did not diagnose the hernias until April 30, 2013. Pl.'s Br. 17, ECF No. 17; Tr. 704 & 756, ECF No. 11-17. Plaintiff argues that Dr. Coates's April 11, 2014 assessment took into consideration all five of his physical severe impairments in concluding that Plaintiff was unable to work. Pl.'s Br. 18-19, ECF No. 17. Plaintiff argues that his two treating source opinions were vastly more protective than the ALJ's RFC finding, and that Dr. Ward's opinion, the only opinion on physical functioning that the ALJ gave any weight to, never took into account Plaintiff's three subsequently diagnosed severe impairments. Pl.'s Br. 19, ECF No. 17. Therefore, Plaintiff argues that the ALJ erroneously attempted to fill in the gap by assessing the limiting effects of those additional severe impairments without seeking medical expertise, in violation of *Ripley*. Pl.'s Br. 19, ECF No. 17.

In the response, the Commissioner argues that the diagnosis of a severe impairment does not establish an additional limitation. Def.'s Br. 8, ECF No. 18. The Commissioner also argues that Dr. Sherine Reno's July 8, 2011 assessment does not support Plaintiff's argument that he was unable to perform light work. Def.'s Br. 9, ECF No. 18; Tr. 512, ECF No. 11-12. Furthermore, the Commissioner argues that Dr. Reno's restriction for less than a full day of work appeared to be addressing Plaintiff's past relevant work which was more than the light work the ALJ found Plaintiff capable of. Def.'s Br. 9, ECF No. 18; Tr. 512, ECF No. 11-12. The Commissioner argues that the ALJ properly gave no weight to the April 11, 2014 Medical Release/Physician's Statement from Dr.

Louis Coates, because he provided no explanation as to the evidence he relied on in finding that Plaintiff was unable to work. Def.'s Br. 10, ECF No. 18; Tr. 819, ECF No. 11-18. The Commissioner further argues that Dr. Coates's opinion could be discounted because it is brief and conclusory, consisting primarily of check marks on a form and did not identify any supporting medical records. Def.'s Br. 10, ECF No. 18.

In the reply, Plaintiff argues that the Commissioner's response does not address Plaintiff's argument that, even if the ALJ properly credited Dr. Ward's opinion, the ALJ violated *Ripley* by independently determining the functional limitations that resulted from the physical impairments of the two hernias, groin implant, and pain disorder that the ALJ determined at step two to be severe, because Dr. Ward's assessment did not take into account these impairments. Reply 2, ECF No. 20. Furthermore, Plaintiff argues that the Commissioner cannot deny that Dr. Reno's opinion regarding Plaintiff's then current work status rendered Plaintiff disabled under the Social Security Act. Reply 5-6, ECF No. 20. Plaintiff points out that Dr. Reno limited Plaintiff to two hours of standing and sitting, which necessarily implies sedentary work, because the light work that the ALJ found Plaintiff could perform requires up to six hours of standing. Reply 5-6, ECF No. 20. Plaintiff argues that the Commissioner's contention that the ALJ acted lawfully in elevating Dr. Ward's opinion over those of Plaintiff's treating physicians, Dr. Reno and Dr. Coates is beside the point, because the ALJ cannot reject the opinions of Plaintiff's treating physicians and then independently decide the effects of Plaintiff's impairments on Plaintiff's ability to work. Reply 3, ECF No. 20.

In *Ripley v. Chater*, the Fifth Circuit stated the following:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of

> medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Ripley*, 67 F.3d at 557-58; *see also Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Furthermore, the Court recently stated in *Thornhill v. Colvin* the following:

> The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . . While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments.

*Thornhill v. Colvin*, No. 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley*, 67 F.3d at 557-58; *Williams*, 355 F. App'x at 831-32).

As Plaintiff argues, there is an inconsistency in that the impairments of bilateral hernia, torn left groin shin implant, and pain disorder, all of which the ALJ found at step two to be severe impairments, have not been taken into account by the state agency physician Dr. Ward, whose opinion was the only opinion regarding Plaintiff's physical functioning that the ALJ relied upon.

9

Pl.'s Br. 15-16, ECF No. 17; Tr. 37, ECF No. 11-3. As Plaintiff points out, Dr. Ward stated that her assessment took into account Plaintiff's "lumbar DDD and disc herniation," but it could not have taken into account the additional subsequently diagnosed severe impairments. Pl.'s Br. 17, ECF No. 17. The Court also notes that Plaintiff's treating physician, Dr. Reno opined on July 8, 2011 that Plaintiff's condition rendered him to work a maximum of six hours and that Plaintiff was limited to two hours of standing and sitting, which would have precluded Plaintiff from full time work and limited Plaintiff to sedentary work. *See* Tr. 512, ECF No. 11-12; Reply 5, ECF No. 20. The Court further notes that the additional severe impairments were diagnosed after Dr. Ward's June 15, 2012 assessment that Plaintiff could perform light work and before Dr. Coates's April 11, 2014 assessment that Plaintiff was unable to work. *See* Pl.'s Br. 17, ECF No. 17. In addition, while the ALJ may reject the opinions of Plaintiff's treating physicians if the opinions are not adequately supported, the ALJ may do so only after conducting a detailed analysis of the factors set forth in 20 C.F.R. § 404.1527(c) if, as in this case, there was no controverting evidence from a treating or examining physician. *See Kneeland v. Berryhill*, 850 F.3d 749, 760-61 (5th Cir. 2017); *Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000); *Wilder*, 2014 WL 2931884, at *5. The ALJ failed to conduct such an analysis in rejecting the opinions of Plaintiff's treating physicians. Tr. 37, ECF No. 11-3.

Upon consideration of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence. As Plaintiff argues, the ALJ's decision violates *Ripley*, because the only medical opinion pertaining to Plaintiff's ability to perform physical functions relied upon by the ALJ did not take into account Plaintiff's subsequently diagnosed severe impairments, and the ALJ may not independently decide the limiting effects of the severe impairments on Plaintiff's ability to

10

perform work activities. *See Ripley*, 67 F.3d at 557-58. Because the Court determines that remand is required based on this ground, the Court pretermits consideration of Plaintiff's remaining arguments.

## **CONCLUSION**

For the reasons stated above, the final decision of the Commissioner REVERSED and REMANDED.

SO ORDERED, this 1st day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE